**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WASHINGTON**
**AT SEATTLE**

| | |
|---|---|
| COLBY HUTTON, on his own behalf and on behalf of others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>O5 BNG, LLC, and 5 STAR APPAREL LLC,<br><br>Defendants. | Case No. 2:26-cv-00976-JLR<br><br>Honorable Judge James L. Robart<br><br>STIPULATED MOTION AND [~~PROPOSED~~] ORDER ON STIPULATED PROTECTIVE ORDER<br><br><u>Noting Date</u><br>Tuesday, April 28, 2026 |

1.      <u>PURPOSES AND LIMITATIONS</u>

Discovery in this action is likely to involve production of confidential, proprietary, or private information for which special protection may be warranted. Accordingly, the parties hereby stipulate to and petition the court to enter the following Stipulated Protective Order. The parties acknowledge that this agreement is consistent with LCR 26(c). It does not confer blanket protection on all disclosures or responses to discovery, the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles, and it does not presumptively entitle parties to file confidential information under seal. The availability of protection pursuant to a

Stipulated Protective Order does not preclude a party from withholding information protected by any applicable privilege. Nothing in this Stipulated Protective Order shall restrict in any way the right of a Producing Party to disclose or make use of its own documents or Discovery Material. Under LCR 26(c)(2), the parties began with the District's Model Protective Order, and have identified departures from the model in a redlined copy, attached as Exhibit 1.

2.      "CONFIDENTIAL" MATERIAL AND "ATTORNEY'S EYES ONLY" MATERIAL

"Confidential" material shall include the following information, documents, and tangible things produced or otherwise exchanged: personal information that plaintiff has maintained as private or non-public and confidential, personal identifying information, personal health information, personal and private information regarding Plaintiff, potential class members, and Defendants' users, including current and former street addresses for natural persons, social security numbers, telephone numbers, email addresses, dates of birth, driver's license numbers, account numbers, maiden names, and passwords; and confidential business and financial information.

"Attorney's Eyes Only Material" may include information, documents, and tangible things produced or otherwise exchanged that fall within Confidential Material the nature of which is so highly confidential that the designating party in good faith believes that it risks competitive or personal harm or injury through that material's disclosure.

Confidential Material and Attorney's Eyes Only Material are "Protected Material."

3.      SCOPE

The protections conferred by this agreement cover not only Protected Material (as defined above), but also (1) any information copied or extracted from such material; (2) all

STIPULATED MOTION AND [PROPOSED] ORDER
ON STIPULATED PROTECTIVE ORDER
Page 2

copies, excerpts, summaries, or compilations of such material; and (3) any testimony, conversations, or presentations by parties or their counsel that might reveal such material.

However, the protections conferred by this agreement do not cover information that (a) is in the public domain or becomes part of the public domain through trial or otherwise; (b) any non-producing party owns or lawfully possesses or obtains lawfully and properly through its own investigation or other means (i.e., not from the producing party); or (c) is produced without a confidentiality designation, except as otherwise provided in this agreement (see, e.g., Section 5.3 below) or as otherwise stipulated or ordered.

4.    ACCESS TO AND USE OF PROTECTED MATERIAL

4.1    Basic Principles. A receiving party may use Protected Material that is disclosed or produced by another party or by a non-party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. Confidential material may be disclosed only to the categories of persons and under the conditions described in this agreement. Confidential material must be stored and maintained by a receiving party at a location and in a secure manner that ensures that access is limited to the persons authorized under this agreement.

4.2    Disclosure of Protected Material. Unless otherwise ordered by the court or permitted in writing by the designating party, a receiving party may disclose any Protected Material only to:

(a)    the receiving party's counsel of record in this action, as well as employees of counsel to whom it is reasonably necessary to disclose the information for this litigation;

(b)    the officers, directors, and employees (including in house counsel) of the receiving party to whom disclosure is reasonably necessary for this litigation, unless good cause warrants a particular document or material be produced as Attorney's Eyes Only and is so

STIPULATED MOTION AND [PROPOSED] ORDER
ON STIPULATED PROTECTIVE ORDER
Page 3

designated, and in which case, such material shall only be disclosed to in house counsel of the receiving party;

(c)    experts and consultants to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d)    the court, court personnel, and court reporters and their staff, including any court reporter or videographer reporting;

(e)    professional vendors, copy or imaging services retained by counsel to assist in the duplication of Protected Material, provided that counsel for the party retaining the copy or imaging service instructs the service not to disclose any confidential material to third parties and to immediately return or destroy all originals and copies of any Protected Material;

(f)    during their depositions or while preparing with their counsel for their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise bound by this agreement, agreed by the designating party, or ordered by the court. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this agreement;

(g)    the author or recipient of a document containing the Protected Material or a custodian or other person who otherwise possessed or knew the Protected Material;

(h)    a mediator jointly retained by the parties, and their supporting personnel, hired or appointed to address any issue(s) in the litigation;

STIPULATED MOTION AND [PROPOSED] ORDER
ON STIPULATED PROTECTIVE ORDER
Page 4

(i)      professional jury or trial consultants, mock jurors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgement and Agreement to Be Bound" (Exhibit A);

(j)      other persons by written agreement of the designating party.

4.3      Filing Protected Material. Before filing Protected Material or discussing or referencing such material in court filings, the filing party shall confer with the designating party, in accordance with Local Civil Rule 5(g)(3)(A), to determine whether the designating party will remove the confidential designation, whether the document can be redacted, or whether a motion to seal or stipulation and proposed order is warranted. During the meet and confer process, the designating party must identify the basis for sealing the specific confidential information at issue, and the filing party shall include this basis in its motion to seal, along with any objection to sealing the information at issue. Local Civil Rule 5(g) sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal. A party who seeks to maintain the confidentiality of its information must satisfy the requirements of Local Civil Rule 5(g)(3)(B), even if it is not the party filing the motion to seal. Failure to satisfy this requirement will result in the motion to seal being denied, in accordance with the strong presumption of public access to the Court's files.

5.      DESIGNATING PROTECTED MATERIAL

5.1      Exercise of Restraint and Care in Designating Material for Protection. Each party or non-party that designates Protected Material must take care to limit any such designation to specific material that qualifies under the appropriate standards. The designating party must designate for protection only those materials, documents, items, or oral or written communications that qualify, so that other materials, documents, items, or communications for

STIPULATED MOTION AND [~~PROPOSED~~] ORDER
ON STIPULATED PROTECTIVE ORDER
Page 5

which protection is not warranted are not swept unjustifiably within the ambit of this agreement. If more narrowly tailored designations are possible and warranted, such as in discovery responses and deposition transcripts, they should be applied.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber or delay the case development process or to impose unnecessary expenses and burdens on other parties) expose the designating party to sanctions.

If it comes to a designating party's attention that Protected Material does not qualify for protection, the designating party must promptly notify all other parties that it is withdrawing the mistaken designation.

5.2    Manner and Timing of Designations. Except as otherwise provided in this agreement (see, e.g., second paragraph of section 5.3 below), or as otherwise stipulated or ordered, disclosure of Protected Material must be clearly so designated before or when the material is disclosed or produced.

(a)    Information in documentary form: (e.g., paper or electronic documents and deposition exhibits, but excluding transcripts of depositions or other pretrial or trial proceedings), the designating party must affix the word "CONFIDENTIAL" or "CONFIDENTIAL—ATTORNEY'S EYES ONLY" to each page or section, as applicable and feasible.

(b)    Testimony given in deposition or in other pretrial proceedings: the parties and any participating non-parties may identify on the record, during the deposition or other pretrial proceeding, all protected testimony, without prejudice to their right to so designate other testimony after reviewing the transcript. Any party or non-party may, within fifteen days after

STIPULATED MOTION AND [~~PROPOSED~~] ORDER
ON STIPULATED PROTECTIVE ORDER
Page 6

receiving the final transcript of the deposition or other pretrial proceeding, designate portions of the transcript, or exhibits thereto, as Protected Material under this agreement. Until the expiration of the 15-day period for designation, any deposition transcript shall be treated as if it had been designated "CONFIDENTIAL—ATTORNEY'S EYES ONLY" in its entirety, unless otherwise agreed. If a party or non-party desires to protect confidential information at trial, the issue should be addressed during the pre-trial conference.

(c)     Other tangible items: the producing party must affix in a prominent place on the exterior of the container or containers in which the information or item is stored the word "CONFIDENTIAL" or "CONFIDENTIAL—ATTORNEYS' EYES ONLY," or otherwise clearly communicate to the receiving party the confidentiality designation. If only a portion or portions of the information or item warrant protection, the producing party, to the extent practicable, shall identify the protected portion(s).

5.3     Inadvertent Failures to Designate. If timely corrected, an inadvertent failure to designate qualified information, documents, or items does not, standing alone, waive the designating party's right to secure protection under this agreement for such material. Upon timely correction of a designation, the receiving party must make reasonable efforts to ensure that the material is treated in accordance with the provisions of this agreement.

6.     CHALLENGING CONFIDENTIALITY DESIGNATIONS

6.1     Timing of Challenges. Any party or non-party may challenge a designation of confidentiality at any time. Unless a prompt challenge to a designating party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a party does not waive its right to

challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2    Meet and Confer. The parties must make every attempt to resolve any dispute regarding confidential designations without court involvement. Any motion regarding confidential designations or for a protective order must include a certification, in the motion or in a declaration or affidavit, that the movant has engaged in a good faith meet and confer conference with other affected parties in an effort to resolve the dispute without court action. The certification must list the date, manner, and participants to the conference. A good faith effort to confer requires a face-to-face meeting, videoconference, or a telephone conference.

6.3    Judicial Intervention. If the parties cannot resolve a challenge without court intervention, the designating party may file and serve a motion to retain confidentiality under Local Civil Rule 7 (and in compliance with Local Civil Rule 5(g), if applicable). The burden of persuasion in any such motion shall be on the designating party. Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the challenging party to sanctions. All parties shall continue to maintain the material in question as confidential until the court rules on the challenge.

7.    PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION OR PROCEEDINGS

If a party is served with a subpoena or a court order issued in other litigation or proceedings that compels disclosure of any information or items designated in this action as Protected Material, that party must:

(a)    promptly notify the designating party in writing and include a copy of the subpoena or court order;

STIPULATED MOTION AND [PROPOSED] ORDER
ON STIPULATED PROTECTIVE ORDER
Page 8

(b)    promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this agreement. Such notification shall include a copy of this agreement; and

(c)    cooperate with respect to all reasonable procedures sought to be pursued by the designating party whose Protected Material may be affected.

8.    A NON-PARTY'S CONFIDENTIAL MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION

The terms of this Order are applicable to information produced by a non-party in this action and designated as "CONFIDENTIAL." Such information produced by non-parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a non-party from seeking additional protections.

In the event that a party is required, by a valid discovery request, to produce a non-party's confidential information in its possession, and the party is subject to an agreement with the non-party not to produce the non-party's confidential information, then the party shall:

(a)    promptly notify in writing the requesting party and the non-party that some or all of the information requested is subject to a confidentiality agreement with a non-party;

(b)    promptly provide the non-party with a copy of the Stipulated Protective Order in this litigation, the relevant discovery request(s), and a reasonably specific description of the information requested; and

(c)    make the information requested available for inspection by the non-party.

If the non-party fails to object or seek a protective order from this court within fourteen days of receiving the notice and accompanying information, the party in possession of the non-

STIPULATED MOTION AND [PROPOSED] ORDER
ON STIPULATED PROTECTIVE ORDER
Page 9

party's confidential information may produce the non-party's confidential information responsive to the discovery request. If the non-party timely seeks a protective order, the party in possession of the non-party's confidential information shall not produce any information in its possession or control that is subject to the confidentiality agreement with the non-party before a determination by the court. Absent a court order to the contrary, the non-party shall bear the burden and expense of seeking protection in this court of its confidential material.

In the event that a discovery request asks a party to produce a non-party's confidential information in its possession, that was produced to the party pursuant to a protective order in another case, then the responding party shall promptly notify in writing the requesting party and the non-party that some or all of the information requested is subject to a protective order in another case. The terms of the protective order in the other case shall control as to the discovery request directed at the responding party.

9.    UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a receiving party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this agreement, the receiving party must immediately (a) notify in writing the designating party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this agreement, and (d) request that such person or persons execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

10.    INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL

STIPULATED MOTION AND [PROPOSED] ORDER
ON STIPULATED PROTECTIVE ORDER
Page 10

When a producing party gives notice to receiving parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the receiving parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in an e-discovery order or agreement that provides for production without prior privilege review. The parties agree to the entry of a non-waiver order under Fed. R. Evid. 502(d) as set forth herein.

11.    NON TERMINATION AND RETURN OF PROTECTED MATERIAL

Within 60 days after the termination of this action, including all appeals, each receiving party must return to the producing party or destroy all Protected Material, including all copies, extracts, and summaries thereof.

Notwithstanding this provision, counsel are entitled to retain one archival copy of all documents filed with the court, trial, deposition, and hearing transcripts, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material.

The confidentiality obligations imposed by this agreement shall remain in effect until a designating party agrees otherwise in writing or a court orders otherwise.

*[Counsel and judicial signature blocks to follow.]*

STIPULATED MOTION AND [PROPOSED] ORDER
ON STIPULATED PROTECTIVE ORDER
Page 11

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.


Dated: April 28, 2026                                 Dated: April 28, 2026


*/s/ Samuel J. Strauss*                               */s/ Lauren B. Rainwater*
Samuel J. Strauss, WSBA #46971                        Lauren B. Rainwater, WSBA #43625
Raina C. Borrelli (*pro hac vice* forthcoming)        Rachel Herd, WSBA #50339
**STRAUSS BORRELLI PLLC**                             Bryan Taylor, WSBA #55642
980 N. Michigan Avenue, Suite 1610                    Joshua Peck, WSBA #64328
Chicago IL, 60611                                     **DAVIS WRIGHT TREMAINE LLP**
Telephone: (872) 263-1100                             920 Fifth Ave, Suite 3300
sam@straussborrelli.com                               Seattle, WA 98104
raina@straussborrelli.com                             Telephone: (206) 622-3150
                                                      laurenrainwater@dwt.com
Lynn A. Toops (*pro hac vice* forthcoming)            rachelherd@dwt.com
\Natalie A. Lyons (*pro hac vice* forthcoming)        bryantaylor@dwt.com
Ian R. Bensberg (*pro hac vice* forthcoming)          joshpeck@dwt.com
**COHENMALAD LLP**
One Indiana Square, Suite 1400                        *Counsel for Defendants*
Indianapolis, IN 42604                                *O5 BNG, LLC and 5 Star Apparel LLC*
Telephone: (317) 636-6481
ltoops@cohenmalad.com
nlyons@cohenmalad.com
ibensberg@cohenmalad.com

Gerard J. Stranch, IV (*pro hac vice*
forthcoming)
Michael C. Tackeff (*pro hac vice*)
**STRANCH JENNINGS & GARVEY
PLLC**
223 Rosa L. Parks Avenue, Suite 200
Nashville, TN 37203
Telephone: (615) 254-8801
gstranch@stranchlaw.com
mtackeff@stranchlaw.com

*Counsel for Plaintiff and the Proposed Class*

PURSUANT TO STIPULATION, IT IS SO ORDERED.

IT IS FURTHER ORDERED that pursuant to Fed. R. Evid. 502(d), the production of any documents, electronically stored information (ESI) or information, whether inadvertent or otherwise, in this proceeding shall not, for the purposes of this proceeding or any other federal or state proceeding, constitute a waiver by the producing party of any privilege applicable to those documents, including the attorney-client privilege, attorney work-product protection, or any other privilege or protection recognized by law.

DATED this 28th day of April, 2026.

_____
HONORABLE JAMES L. ROBART
United States District Judge

STIPULATED MOTION AND [PROPOSED] ORDER
ON STIPULATED PROTECTIVE ORDER
Page 13

# **EXHIBIT A**

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of

_____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Western District of Washington on [date] in the case of *Hutton v. O5 BNG, LLC and 5 Star Apparel LLC*, Case No. 2:26-cv-00976-JLR. I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Western District of Washington for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

Date:_____

City and State where sworn and signed:_____

Printed name:_____

Signature: _____

STIPULATED MOTION AND [~~PROPOSED~~] ORDER
ON STIPULATED PROTECTIVE ORDER
Page 14